UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RANDOLPH W. HOERSCHGEN                    CIVIL ACTION

VERSUS                                    NO: 13-49

U.S. EQUAL EMPLOYMENT                      SECTION: R(5)
OPPORTUNITY COMMISSION, ET
AL.

<u>**ORDER AND REASONS**</u>

Defendants move to dismiss plaintiff's complaint because it is untimely.[1] In the alternative, defendants argue that only the head of the agency is the proper party to this suit. Plaintiff, Randolph Hoerschgen, proceeds *pro se* and opposes defendants' motion.[2] This Court converted defendants' motion to one for summary judgment and now GRANTS defendants' motion.

**I.   BACKGROUND**

Plaintiff brings this suit against his former employer, the Equal Employment Opportunity Commission ("EEOC"), and other individual members of the agency. Plaintiff worked for the EEOC until he was fired on January 13, 2011. He claims that the EEOC discriminated against him because of his age, race, and disability and that the EEOC retaliated against him. On August 29, 2012, the Administrative Judge denied plaintiff's claims. The EEOC issued a Final Order on October 1, 2012, and mailed the Final Order to plaintiff. This notice informed plaintiff that he

---

[1] R. Doc. 5-1.

[2] R. Doc. 7.

had a right to file a civil suit challenging the Administrative Judge's decision within 90 days of receiving the Final Order. Plaintiff received these documents on October 10, 2012.[3] Plaintiff filed a civil action on January 9, 2013, more than 90 days after he received the Final Order. Defendants now move to dismiss plaintiff's claim for being untimely.

## II.  STANDARD OF REVIEW

A federal employee who has exhausted a formal EEOC complaint of discrimination may file a civil action within 90 days of the date on which she receives the Commission's final decision on appeal. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407. The requirement to file the lawsuit within the ninety-day limitation period is strictly construed. *Bowers v. Potter*, 113 F. App'x 610, 612 (5th Cir. 2004) (citing *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *Espinoza v. Mo. Pac. R.R.*, 754 F.2d 1247, 1251 (5th Cir. 1985)). "For all intents and purposes, the ninety-day filing period acts as a statute of limitations." *Bowers*, 113 F. App'x at 612 (citing *Espinoza*, 754 F.3d at 1249 n.1). Accordingly, the proper vehicle to address the EEOC's motion is Federal Rule of Civil Procedure 12(b)(6).

In support of defendants' motion to dismiss, defendants submitted a certified-mail receipt and an affidavit. The affidavit is beyond the pleadings, and if the Court is to

---

[3] R. Doc. 5-3 at 23 (certified mail receipt).

consider it, it must convert defendants' motion to dismiss into a motion for summary judgment. The Court provided the parties with notice of its intent to convert the motion.[4] *See Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003) ("It is well-settled that a district court may grant summary judgment *sua sponte*, so long as the losing party has ten days notice to come forward with all of its evidence in opposition to summary judgment.").

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary

---

[4] R. Doc. 8.

judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting Wright & Miller, *Federal Practice and Procedure: Civil* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.  The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *Id.* at 325; *see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates the*

4

entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (quoting *Celotex*, 477 U.S. at 332).

**III. PLAINTIFF'S CLAIMS ARE UNTIMELY**

Courts in this circuit have "repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Bowers*, 113 F. App'x at 612 (citing *Butler v. Orleans Parish Sch. Bd.*, No. Civ. A. 00-0845, 2001 WL 1135616, at *2 (E.D. La. Sept. 25, 2001) (dismissing plaintiff's complaint when the plaintiff filed ninety-one days after she received her right-to-sue letter)). Plaintiff simply asserts that he filed the complaint within the ninety-day limitation, but the certified-mail receipt in the EEOC records shows that he received the Final Order on October 10, 2012.[5] Plaintiff filed suit on January 9, 2013, which is outside of the ninety-day limitation.

---

[5] Even assuming that the date plaintiff received notice was unknown, this Court would "presume that the letter was received within *three to seven* days after it was mailed." *Bowers*, 113 F. App'x at 612-13. Here, the notice was mailed on October 1, 2012. R. Doc. 5-2 at 1. Accordingly, the actual date plaintiff received notice, October 10, 2012, is more forgiving than the presumption plaintiff asks this Court to apply. R. Doc. 7 at 5. Further, plaintiff argues that the EEOC should have served notice on his attorney. R. Doc. 9 at 5-6. But the prescriptive period begins when the *claimant* receives notice, not his attorney. *See Espinoza*, 754 F.2d at 1250.

Nevertheless, plaintiff maintains that this Court should equitably toll the ninety-day limit because of Hurricane Isaac. Plaintiff asserts that the hurricane flooded his house on August 29, 2012, and that this played a major role in his ability to file this suit.[6]

The Court recognizes that it may equitably toll the ninety-day limitation period. *See Espinoza*, 754 F.2d at 1251. The Fifth Circuit recognizes three bases for equitable tolling the ninety-day limitations period in Title VII cases: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting her claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights. *Bradshaw v. City of Gulfport*, No. 10-60872, 2011 WL 2206685, at *1 n.2 (5th Cir. June 7, 2011)(citing *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003)). None of these recognized bases is applicable to plaintiff's case, and therefore the ninety-day limitations period cannot be equitably tolled. Plaintiff has made no showing that he was misled by the Court, by the EEOC, or by the defendants. *See id.* Plaintiff successfully received the Final Order over a month after the Hurricane hit, and had 90 days from that time to file his civil suit. In fact,

---

[6] R. Doc. 7 at 5.

6

plaintiff's attorney advised him of the ninety-day limitation.[7] Plaintiff is not entitled to equitable tolling. Accordingly, his complaint must be dismissed.

**IV.   CONCLUSION**

The Court GRANTS defendants' motion to dismiss plaintiff's claims as untimely.


New Orleans, Louisiana, this 28th day of June, 2013.


SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[7] R. Doc. 9-1 at 2.